UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN HILL (#133059)

VERSUS                                       CIVIL ACTION

STEVE RADER, ET AL                           NUMBER 12-173-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 17, 2012.

                                                STEPHEN C. RIEDLINGER
                                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GLENN HILL (#133059)

VERSUS                                           CIVIL ACTION

STEVE RADER, ET AL                               NUMBER 12-173-BAJ-SCR

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate currently confined at Rayburn Correctional Center, Angie, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dixon Correctional Center ("DCI") Warden Steve Rader and six unidentified corrections officers. Plaintiff alleged that on June 4, 2011, while confined at DCI, an unidentified corrections officer subjected him to an excessive use of force in retaliation for filing an administrative grievance against the officer. Plaintiff alleged that Warden Rader is responsible for implementing policies and providing a safe environment for all inmates. Finally, the plaintiff alleged that the other unidentified corrections officers knew or should have known that the defendant would retaliate against him and failed to take the necessary steps to protect him from attack.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

>     prison, or other correctional facility if the court
>     is satisfied that the action is frivolous,
>     malicious, fails to state a claim upon which relief
>     can be granted, or seeks monetary relief from a
>     defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**Failure To Exhaust Administrative Remedies**

Plaintiff alleged that an unidentified corrections officer beat him without provocation in retaliation for filing an administrative grievance against the officer. Plaintiff further alleged that the other unidentified corrections officers failed to protect him from attack and Warden Rader is responsible for the actions of his subordinates.

2

In an action proceeding in forma pauperis under § 1915, this court may consider, sua sponte, affirmative defenses that are apparent from the record even when they have not been addressed or raised by the parties. *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and

other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

In his complaint, the plaintiff conceded that he filed Administrative Remedy Procedure ("ARP") number DCI-2011-535 which was rejected by prison officials.

The case was stayed for a period of 30 days to review the ARP referenced by the plaintiff in his complaint.[1] A review of the results of ARP DCI-2011-535 confirmed the plaintiff's assertion in his complaint that the ARP was rejected by prison officials because it contained "MULTIPLE ISSUES."[2]

Plaintiff filed an administrative grievance on June 15, 2011,

---

[1] Record document number 4.

[2] Record document number 5-1, p. 1.

4

and it was assigned ARP number DCI-2011-535 on July 29, 2011.[3] Plaintiff complained that on April 24, 2011, he filed an administrative grievance against Sgt. Cain. Plaintiff complained that on May 23 or 24, 2011, he told Asst. Warden Booty that he was afraid that Sgt. Cain, his family and friends would retaliate against the plaintiff. Plaintiff complained that Asst. Warden Booty failed to take any steps to ensure his safety.

Plaintiff further complained that on June 4, 2011, Sgt. Cain removed him from his cell, placed him in a shower cell and beat him without provocation. Plaintiff complained that Sgt. Roberts and Sgt. McCray failed to take any action to protect him from attack by Sgt. Cain.

Plaintiff further complained that should not have permitted Sgt. Cain to work in the B-Block when Maj. McDonald was aware that the plaintiff had filed an ARP against Sgt. Cain.

Finally, the plaintiff complained that Lt. Caraway should not have permitted Sgt. Cain to work on the C-Tier.

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(J)(1). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or

---

[3] Record document number 5-1, p. 1.

is rejected. *Id*. If a request is rejected, it must be for one of the enumerated reasons, which must be noted on the request for administrative remedy. *Id*. at § 325(I)(1). An administrative grievance may be rejected on grounds that the offender has requested a remedy for more than one incident, i.e., a multiple issue grievance. *Id*. at § 325(I)(1)(g). The administrative record showed that ARP DCI-2011-535 was rejected on the ground that it contains multiple issues.[4]

It is apparent on the face of the complaint that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[5]

Baton Rouge, Louisiana, May 17, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] Record document number 5-1, p. 1.

[5] *Underwood v. Wilson*, 151 F.3d at 296.